**Jose Antonio Medina HERNANDEZ; et al., Petitioners,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 04–76178.

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 13, 2006.*

Decided Feb. 16, 2006.

Jose Antonio Medina Hernandez, Ontario, CA, pro se.

Maria Marquina Romero, Ontario, CA, pro se.

CAC–District Counsel, Esq., Office of the District Counsel Department of Home-

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

land Security, Los Angeles, CA, Ronald E. LeFevre, Chief Counsel, Office of the District Counsel Department of Homeland Security, Francisco, CA, David V. Bernal, Attorney, Margaret K. Taylor, Esq., DOJ–U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: FERNANDEZ, RYMER, and BYBEE, Circuit Judges.

### MEMORANDUM [**]

Jose Antonio Medina Hernandez and Maria Marquina Romero, natives and citizens of Mexico, petition pro se for review of the Board of Immigration Appeals' order dismissing their appeal from an immigration judge's ("IJ") order denying their applications for cancellation of removal. We have jurisdiction pursuant to 8 U.S.C. § 1252. We review for substantial evidence, *see Lopez–Alvarado v. Ashcroft*, 381 F.3d 847, 850–51 (9th Cir.2004), and we deny the petition for review.

Substantial evidence supports the IJ's conclusion that petitioners were statutorily ineligible for cancellation of removal because petitioners conceded they had failed to accrue ten years of continuous physical presence in the United States. *See* 8 U.S.C. § 1229b(b)(1)(A).

Petitioners' assertion that the IJ failed to consider all the evidence presented is without merit, because petitioners' counsel admitted that petitioners had failed to accrue the requisite physical presence and the IJ solicited testimony from petitioners about their date of entry to confirm their counsel's statement.

[**] This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

The voluntary departure period was stayed, and that stay will expire upon issuance of the mandate. *See Desta v. Ashcroft*, 365 F.3d 741 (9th Cir.2004).

**PETITION FOR REVIEW DENIED.**